# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. GODWIN UGWUEZE,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:11-cv-01588-LJO-SKO PC<br><br>ORDER DENYING RULE 56(D) MOTION WITHOUT PREJUDICE, AND REQUIRING PLAINTIFF TO FILE (1) A RULE 56(D) MOTION OR (2) AN OPPOSITION OR A STATEMENT OF NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS<br><br>(Doc. 25) |

　　　　Plaintiff Steven Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 20, 2011. This action is proceeding against Defendant Ugwueze for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.

　　　　Pursuant to the scheduling order, the deadline for the completion of all discovery is September 24, 2013, and the deadline to file pretrial dispositive motions is December 5, 2013. On May 29, 2013, Defendant filed a motion for summary judgment. Fed. R. Civ. P. 56. On June 12, 2013, Plaintiff filed a motion requesting deferral of Defendant's motion until the completion of discovery. Fed. R. Civ. P. 56(d). Defendant filed an opposition on June 19, 2013, and Plaintiff filed a reply on July 5, 2013.

　　　　Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer

considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiff has made no such showing and his bare desire to complete discovery before responding to Defendant's motion does not entitle him to relief under Rule 56(d).[1] *Naoko Ohno v. Yuko Yasuma*, __ F.3d __, __, No. 11-55081, 2013 WL 3306351, at *__ n.29 (9th Cir. Jul. 2, 2013) (evidence to be sought through discovery must be based on more than mere speculation). Therefore, Plaintiff's motion shall be denied, without prejudice.

Additionally, Defendant requests reasonable expenses in the event that the Court determines Plaintiff's motion was filed in bad faith. Rule 56(h) provides for sanctions, including an award of reasonable expenses, should the Court determine that a declaration or an affidavit was submitted under Rule 56 in bad faith or solely for delay. Fed. R. Civ. P. 56(h). However, Plaintiff is a prisoner proceeding pro se and as a result, while his motion lacks merit, there is no evidence in the record which suggests Plaintiff filed the motion in bad faith or solely to delay the proceedings. Therefore, sanctions are not warranted.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion, filed on June 12, 2013, is denied; and

///
///
///
///

---

[1] The Court notes that the motion to compel described by Plaintiff in his Rule 56(d) motion as pending was denied by the Court on June 13, 2013. (Doc. 26.)

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either (1) file a Rule 56(d) motion which complies with the specific requirements identified in this order or (2) file an opposition or a statement of non-opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated:   **August 16, 2013**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE